Van Voorhis, J. (dissenting).
On this appeal where the wrong type of blood was administered by transfusion, the evidence is ample to hold the hospital and the defendant Rubin, but the evidence is insufficient to hold the attending physician appellant Stanford Pulrang. In the midst of the operation which turned out to require an hour longer than had been anticipated, the anesthetist Keenan (agent for defendant Rubin) said to Dr. Pulrang: “ Doctor, I have blood ready for this lady. Shall I give it? ” Doctor Pulrang said yes, and the transfusion was administered. Under the rules and practice of the hospital, it was the sole responsibility of the hospital and not that of the attending physician to prepare and administer blood transfusions. The responsibility of the attending physician was confined to making decisions whether transfusions should be given, and directing the hospital to give them. In order to make *234 certain that transfusions will not be given in cases where the attending physician has not directed them to be administered, the rules of the hospital provide that they shall be given only' on the written order of the physician except in emergencies. When a written order has been given, all the rest is done by the hospital. If Doctor Pulrang had given a written order for a transfusion in this instance, transfusion would have been administered exactly as it was without further participation by Doctor Pulrang. The only act of negligence ascribed to Doctor Pulrang is that, not having previously ordered the transfusion by written order, he should have become suspicious that something was wrong and checked on whether the hospital had performed its responsibilities in the preparation of the blood for transfusion. If he had given a written order (as he did in connection with a previous operation on the same patient), the entire responsibility for typing, erossmatching and administering the transfusion would have been upon the hospital. The attending surgeon would have been absolved from all responsibility in connection with its preparation and administration. The circumstance that, insofar as Doctor Pulrang was concerned, his need for a transfusion appeared to have been anticipated by the hospital does not seem to me to have changed this responsibility. The production of the blood ready to all appearances for the transfusion signified that whatever was necessary in the technical preparation had been performed and performed properly. Ko one questions that a transfusion was administered to the patient by Doctor Pulrang’s direction, which is the sole purpose designed to be served by the provision in the rules requiring a written order.
The sad outcome of this incident ought not to cause us to deviate from the concept of Bing v. Thunig (2 N Y 2d 656) that the attending surgeon is no longer responsible for the operation of the hospital in medical matters, which was the rationale underlying Schloendorff v. New York Hosp. (211 N. Y. 125). The modern hospital furnishes “ a large staff of physicians, nurses and internes, as well as administrative and manual workers” whereby “the hospital” does “undertake to treat the patient ’ ’. (Bing v. Thunig, supra, p. 666). Present-day hospitals do assume these responsibilities, which was the reason for the transference of liability in such matters from the *235 attending physician to the hospital. In this instance the hospital made a grievous mistake. But the mere circumstance that it prepared to serve the patient by the administration of a transfusion without a written order from the physician, instead of awaiting his written order, has no tendency in my mind to put the surgeon on notice that the hospital had not in reality prepared the blood for his patient but for another patient who had previously been operated upon.
As regards appellant Pulrang, the judgment should be reversed and the complaint dismissed, with costs.
Chief Judge Desmond and Judges Dye, Burke and Foster concur with Judge Froessel ; Judge Van Voorhis dissents in an opinion in which Judge Fuld concurs.
Judgment affirmed.